UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOBCAR MEDIA, LLC.<br><br>    Plaintiff,<br><br>v.<br><br>AARDVARK EVENT LOGISTICS, INC.<br><br>    Defendant. | Civil Action No.<br><br><br>(JURY TRIAL DEMANDED) |

**COMPLAINT**

Plaintiff Bobcar Media, LLC ("Bobcar" or "Plaintiff") by its attorneys, hereby complains of Defendant Aardvark Event Logistics, Inc. ("Aardvark" or "Defendant") as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §101 *et seq.*; trademark infringement and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. §1125; and for unfair competition under the law of the State of New York. This Court has jurisdiction over the federal claims of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1338, and 15 U.S.C. § 1121, and has jurisdiction over the state claims under 28 U.S.C. §1338(b) and further pursuant to its supplemental jurisdiction under 28 U.S.C. §1367. The state claims asserted herein are so related to the federal claims as to form part of the same case or controversy.

2. This action arises from Defendant's use, making, sale, offer for sale, and/or importing of promotional vehicles, and conduct of activities, that infringe Plaintiff's patents and trade dress.

3. This Court has personal jurisdiction over Defendant in that Defendant has engaged in acts constituting doing business in the State of New York, including in this judicial district and have intentionally directed its tortious activities toward the State of New York, including this judicial district. Defendant has committed acts of intellectual property infringement in New York, including this judicial district, and has delivered the accused promotional vehicles into the stream of commerce with the expectation that they will be used and/or purchased by consumers in the State of New York, including this judicial district. Upon information and belief, Defendant has used the accused vehicles in this State, including this judicial district, and/or offered for sale and/or sold promotional vehicles, including promotional vehicles that are the subject of this Complaint, to consumers in the State of New York.

4. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391, and 28 U.S.C. §1400.

**THE PARTIES**

5. Plaintiff Bobcar Media, LLC is a limited liability company organized and existing under the laws of the State of New York having a

principal place of business at 110 Wall Street, 4th Floor, New York, New York 10005.  Bobcar is the owner of the patents and trademarks that are the subject of this Complaint.

6. Defendant Aardvark Event Logistics, Inc., is a corporation organized and existing under the laws of the State of Pennsylvania having a principal place of business at 1979 Pioneer Road, Huntingdon Valley, PA 19006.  Aardvark makes, uses, offers for sale, sells and/or imports the accused promotional vehicles in the United States.

## FACTS

### PLAINTIFF'S PATENTS AND TRADE DRESS

7. Bobcar Media LLC is the owner of new technology and designs, including new inventions relating to promotional vehicles.

8. Plaintiff's unique and innovative designs for promotional vehicles are well known throughout the United States as a result of the popular promotional vehicles that Plaintiff has designed, introduced, and commercialized in interstate commerce.

9. On May 17, 2011 United States Patent No. 7,942,461 B2 entitled "Method and Apparatus for Selling Consumer Products" was duly and lawfully issued to Bobcar by the United States Patent and Trademark Office (hereafter "the '461 patent").  A copy of the '461 patent is attached as Exhibit 1 hereto.

10. On July 17, 2012 United States Patent No. 8,220,854 B2 entitled "Method and Apparatus for Selling Consumer Products" was duly and lawfully issued to Bobcar by the United States Patent and Trademark Office (hereafter "the '854 patent"). A copy of the '854 patent is attached as Exhibit 2 hereto.

11. On April 8, 2014 United States Patent No. 8,690,215 B2 entitled "Method and Apparatus for Selling Consumer Products" was duly and lawfully issued to Bobcar by the United States Patent and Trademark Office (hereafter "the '215 patent"). A copy of the '215 patent is attached as Exhibit 3 hereto.

12. On January 17, 2012 United States Design Patent No. D 652,353 entitled "Promotional Vehicle" was duly and lawfully issued to Bobcar by the United States Patent and Trademark Office (hereafter "the '353 patent"). A copy of the '353 patent is attached as Exhibit 4 hereto.

13. On March 26, 2013 United States Design Patent No. D 678,823 entitled "Promotional Vehicle" was duly and lawfully issued to Bobcar by the United States Patent and Trademark Office (hereafter "the '823 patent"). A copy of the '823 patent is attached as Exhibit 5 hereto.

14. Plaintiff Bobcar also has rights to the unique trade dress of its promotional vehicle designs, including, a compact cab in front having a compact showroom in back, , the showroom having panels that can open and

close on such sides, such that when the panels are open, the showroom has multiple sides open to the public, providing an open air showroom having third party promotional products therein for consumers to directly engage with those third party products and/or their promotional materials. The showroom can also preferably be provided with advertising or promotional materials on those panels. Examples of Bobcar's promotional vehicles are attached as Exhibit 6 hereto.

15. Plaintiff has used its inventions and designs on promotional vehicles used in interstate commerce, and has generated extensive in revenue from its promotional vehicles using its trade dress.

16. Plaintiff invested significant time, funds, and effort into the development, marketing, and commercialization of its inventions, trade dress, and designs, with respect to promotional vehicles.

17. As a result of Plaintiff's efforts and promotional, advertising, and marketing activities, Plaintiff's promotional vehicles and its designs therefor have become widely known throughout the United States.

18. Plaintiff's intellectual property including its patents, its trade dress, and the associated goodwill directed to its promotional vehicles, are all valuable assets of Plaintiff.

## DEFENDANT'S INFRINGEMENT OF
## PLAINTIFF'S PATENTS AND TRADE DRESS

19. During the term of the Bobcar's patents, Defendant has manufactured, offered for sale, sold, used, and/or imported articles embodying the patented inventions and designs of Bobcar's patents; and Defendant has engaged in activities infringing Bobcar's patents; namely, the '461, '854, '215, '353, and '823 patents.

20. Defendant's articles that infringe Bobcar's patents include Defendant's "Aardy" promotional vehicles. Examples of Defendant's infringing promotional vehicles are attached as Exhibit 7 hereto.

21. Defendant's accused promotional vehicles infringe the single claim of each of the design patents, namely, the '353, and '823 patents.

22. Defendant's accused promotional vehicles also infringe at least claim 1 of each of the utility patents, namely, the '461, '854, and '215 patents, among other claims of the utility patents.

23. In addition to its acts of patent infringement, Defendant uses trade dress which copies Bobcar's trade dress. Defendant's trade dress poses a likelihood of confusing and misleading consumers into believing that Defenadnt's goods originate from, are sponsored by, or are affiliated with Bobcar.

24. Defendant's bad faith activities have caused and will continue to cause a likelihood of deception and confusion in the marketplace among

consumers, and extensive damage to Bobcar and its business, goodwill and reputation.

25. Defendant has illegally profited from its infringement of Bobcar's patented inventions, designs, and trade dress.

26. Defendant's acts have been without license or authority of Bobcar.

## WILLFUL INFRINGEMENT

27. Defendant's activities have been deliberate and willful.

28. Defendant is aware of Bobcar's inventions and designs, and has deliberately chosen to use, sell, and offer for sale, promotional vehicles intended to copy or imitate those inventions and designs.

29. Defendant is also aware of Bobcar's trade dress, and has deliberately chosen to make, use, sell and/or offer for sale promotional vehicles which are highly similar dress and intended to cause confusion with Bobcar's trade dress.

30. Defendant has used such infringing promotional vehicles to advertise, market, and promote third party products to Bobcar's detriment, offering itself as a cheaper alternative to Bobcar.

31. Defendant's actions have caused and are causing irreparable damage to Bobcar.

32. Bobcar has been damaged by Defendant's bad faith activities and will continue to be damaged unless Defendant is restrained and enjoined by this Court.

33. Bobcar has no adequate remedy at law.

34. Bobcar has been damaged by Defendant's illegal actions in an amount to be determined by a jury and this Court, including recovery and relief for Bobcar's lost sales, lost profits, and damage to its reputation and good will, and/or a disgorgement of Defendant's revenues and profits.

## COUNT I
## PATENT INFRINGEMENT:
## (35 U.S.C. §101 *et seq.*)

35. Bobcar repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

36. This claim arises under 35 U.S.C. §101 *et seq*.

37. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

38. Defendant's acts constitute infringement of the '461, '854, '215, '353, and '823 patents, under 35 U.S.C. §271.

39. Upon information and belief, Defendant's acts of infringement were and are willful and deliberate.

40. Defendant has profited from its infringing activities.

41. As a result of Defendant's conduct, Bobcar has been substantially harmed. Bobcar has suffered, and continues to suffer, substantial damages as a result of Defendant's bad faith activities. Bobcar has also suffered actual damages, including lost profits, and has been forced to retain legal counsel and pay costs of court to bring this action.

## COUNT II
## LANHAM ACT TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION: (15 U.S.C. §1125(a))

42. Bobcar repeats and re-alleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

43. This claim arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

44. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

45. Defendant is intentionally using designs which are confusingly similar to Bobcar's trade dress directed to promotional vehicles in a manner that has caused and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Bobcar, or as to the origin, sponsorship, or approval of Defendant's goods by Bobcar.

46. Defendant's promotional vehicle designs are designed and intended to mislead consumers.

47. Defendant's activities, in selling and offering for sale promotional vehicles with trade dress which is confusingly similar to Bobcar's trade dress, constitute unfair competition, false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48. Defendant's acts of infringement were and are willful and deliberate.

49. Defendant has profited from its illegal and bad faith activities.

50. Bobcar has suffered, and continues to suffer, substantial damages as a result of Defendant's bad faith activities, in an amount to be determined by the jury and this Court.

## COUNT III
## UNFAIR COMPETITION UNDER NEW YORK LAW

51. Bobcar repeats and re-alleges each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

52. This claim arises under the common law of the State of New York.

53. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1367.

54. Bobcar has created its designs, and promoted its promotional vehicles, through extensive time, labor, skill and money.

55. Defendant has misappropriated the results of that labor and skill and those expenditures of Bobcar.

56.     Defendant has used designs that are confusingly similar to Bobcar, for identical or highly similar goods, in competition with Bobcar, gaining an unfair advantage, because Defendant bore little or no burden of expense of development and promotion of those goods.

57.     By knowingly using confusingly similar product trade dress for identical or highly similar goods, to compete against Bobcar's goods, Defendant has also misappropriated a commercial advantage belonging to Bobcar.

58.     Defendant has also engaged in bad faith misappropriation of the labors of Bobcar which is likely to cause confusion, and to deceive purchasers as to the origin of the goods.

59.     Defendant's actions have caused significant commercial damage to Bobcar.

60.     Defendant's conduct is illegal and actionable under the common law of unfair competition of the State of New York.

61.     Bobcar has been injured by Defendant's illegal actions and is entitled to the remedies provided under New York law.

## **DAMAGES**

62.     Bobcar is being irreparably harmed by Defendant's infringing activities, and has no adequate remedy at law.

63. Bobcar has been extensively damaged by Defendant's intellectual property infringement in an amount to be determined by a jury and this Court.

64. Bobcar seeks damages as a result of Defendant's infringement which include, but are not limited to: Bobcar's lost sales, lost profits and damage to its reputation and good will; and/or disgorgement of Defendant's revenues and profits; from Defendant's sales of infringing promotional vehicles, associated parts thereof, and from convoyed sales.

65. Bobcar requests that this honorable Court assess enhanced damages against Defendant in the fullest amount permissible by law, including, but not limited to, treble damages under federal law and punitive damages under New York law, and award Bobcar its attorneys' fees, in view of the willful, egregious, malicious, and extensive nature of Defendant's bad faith activities complained of herein, and in view of the numerous violations, the willful nature of the violations, and the significant damage to Bobcar, as set forth above.

## JURY TRIAL DEMAND

66. Pursuant to Rule 38, Fed. R. Civ. P. Bobcar hereby demands a trial by jury on all issues set forth herein that are properly triable to a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Bobcar respectfully requests that the Court, upon final hearing of this matter, grant the following relief against Defendant:

A. That Defendant be adjudged to have engaged in patent infringement of Bobcar's rights under United States Patent No. 7,942,461 B2 ("the '461 patent), under 35 U.S.C. §101 *et seq.*;

B. That Defendant be adjudged to have engaged in patent infringement of Bobcar's rights under United States Patent No. 8,220,854 B2 ("the '854 patent), under 35 U.S.C. §101 *et seq.*;

C. That Defendant be adjudged to have engaged in patent infringement of Bobcar's rights under United States Patent No. 8,690,215 B2 ("the '215 patent), under 35 U.S.C. §101 *et seq.*;

D. That Defendant be adjudged to have engaged in patent infringement of Bobcar's rights under United States Design Patent No. D 652,353 ("the '353 patent), under 35 U.S.C. §101 *et seq.*;

E. That Defendant be adjudged to have engaged in patent infringement of Bobcar's rights under United States Design Patent No. D 678,823 ("the '823 patent), under 35 U.S.C. §101 *et seq.*;

F. That Defendant be adjudged to have engaged in federal unfair

competition and trademark infringement under Section 43 of the Lanham Act, 15 U.S.C. §1125 and unfair competition and trademark infringement under the common law and statutory law of the State of New York.

G. That the '461, '854, '215, '353, and '823 patents were duly and legally issued by the U.S. Patent Office, and are valid and enforceable;

H. That Defendant, its officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendant be enjoined pursuant to 35 U.S.C. §283 from engaging in any activities which infringe Bobcar's rights in the patents under 35 U.S.C. §271;

I. That Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be enjoined pursuant to 35 U.S.C. §283 from making, using, importing, exporting, offering for sale and selling any vehicles and engaging in any activities which directly infringe the patents under 35 U.S.C. §271;

J. That Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently

        enjoined from offering for sale, selling or marketing merchandise that tends in any way to deceive, mislead or confuse the public into believing that Defendant's merchandise in any way originates with, is sanctioned by, or is affiliated with Bobcar;

K.    That Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from otherwise competing unfairly with Bobcar;

L.    That Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in further acts of misrepresentation regarding Bobcar and Bobcar's promotional vehicles;

M.    That Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently enjoined from engaging in further deceptive and unfair business practices with respect to Bobcar;

N.    That Defendant, its officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with Defendant be preliminarily and permanently

      enjoined from engaging in further acts infringing Bobcar's rights under New York law;

O.   That the Defendant be directed to file with this Court and serve on Bobcar within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with the injunction;

P.   That Defendant be required to account for and pay over to Bobcar any and all revenues and profits derived by it and all damages sustained by Bobcar by reason of the acts complained of in this Complaint, including an assessment of interest on the damages so computed, and that the damages be trebled pursuant Section 35 of the Lanham Act, 15 U.S.C. §1117, as well as 35 U.S.C. §§284 and 289, and all further applicable law;

Q.   That Defendant be required to account for and pay over to Bobcar such actual damages as Bobcar has sustained as a consequence of Defendant's infringement, and that the damages relating to patent infringement be trebled pursuant to 35 U.S.C. §284, and to account for and pay to Bobcar all of Defendant's gains, revenues, profits and advantages attributable to or derived by Defendant's infringement.

R. That each such award of damages be enhanced to the maximum available for each infringement in view of each of Defendant's willful infringement of Bobcar's rights;

S. That the Defendant be required to deliver up for impoundment during the pendency of this action, and for destruction thereafter, all copies of the infringing materials in its possession or under its control and all materials, including molds and master models, used for making same;

T. That Bobcar be awarded punitive or exemplary damages under New York law because of the egregious, malicious, and tortious conduct of Defendant complained of herein;

U. That Bobcar recover the costs of this action including its expenses and reasonable attorneys' fees pursuant to 15 U.S.C. §1117, 35 U.S.C. §285 and all further applicable law, because of the deliberate and willful nature of the infringing activities of Defendant sought to be enjoined hereby, which make this an exceptional case warranting such award;

V. That Bobcar be awarded pre-judgment and post-judgment interest;

W. That Bobcar obtain all further relief permitted under the laws of the United States and the State of New York; and,

X.  That Bobcar obtain all such other and further relief as the Court may deem just and equitable.

Dated: February 4, 2016              */s/Morris E. Cohen*

                                     Morris E. Cohen (MC-4620)
                                     Limor Wigder (LW-1986)
                                     GOLDBERG COHEN LLP
                                     1350 Avenue of the Americas, 3rd Floor
                                     New York, New York 10019
                                     (646) 380-2087 (phone)
                                     (646) 514-2123 (fax)
                                     MCohen@GoldbergCohen.com
                                     LWigder@GoldbergCohen.com