UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

BOBCAR MEDIA, LLC,

                   Plaintiff,

-v-

AARDVARK EVENT LOGISTICS, INC.,

                   Defendant.

16-CV-885 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

In this case, Plaintiff Bobcar Media, LLC ("Bobcar") asserted patent infringement, trade dress infringement, and unfair competition claims against Defendant Aardvark Event Logistics, Inc. ("Aardvark"). On January 14, 2019, this Court dismissed Bobcar's patent infringement claims for lack of statutory standing. (Dkt. Nos. 111, 117.) On April 6, 2020, the Court granted summary judgment dismissing Bobcar's remaining claims. (Dkt. No. 159.) Bobcar appealed, and the Federal Circuit affirmed on March 5, 2021. (Dkt. No. 178.)

Now before the Court is Aardvark's motion for attorney's fees and costs. For the reasons that follow, the motion is denied.

**I.**     **Discussion**

The Court presumes familiarity with the background of this case and with the Court's prior rulings throughout the course of this litigation.

Aardvark has moved for an award of attorney's fees and costs on several grounds, each of which is addressed in turn.

    **A.**     **Attorney's Fees Under the Patent Act**

The default rule in our legal system, of course, is that each party bears its own legal fees and costs, win or lose. There are certain exceptions to the default rule. One of those exceptions

is Section 285 of the Patent Act, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The statute does not describe what types of "exceptional cases" warrant fee-shifting, but the Supreme Court has provided guidance on the issue. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the Court clarified that

> an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

572 U.S. 545, 554 (2014). In assessing the totality of the circumstances, courts are to consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6.

Applying that standard, the Court concludes that neither Bobcar's substantive litigating position nor the manner in which it litigated this case was so "exceptional" as to warrant fee-shifting under section 285.

In arguing for a fee award, Aardvark relies primarily on the Court's conclusion that Bobcar had failed to prove that it had been assigned the patents at issue and therefore lacked statutory standing. It is true that Bobcar failed to produce a written assignment of the patents from the inventors. But it is also true that the inventors — who were principals of Bobcar — had intended to transfer the patent ownership rights to Bobcar, did so verbally, and may have lost the written documentation of the assignment. Moreover, the patents themselves listed Bobcar as assignee of the patents. As the Court explained (Dkt. Nos. 111, 117), even absent the written

assignment, Bobcar had possible avenues to pursue, including (1) proving that the written assignment existed and had been lost and (2) seeking to add the inventors as parties. Bobcar did not successfully pursue these avenues. But under the circumstances, the Court does not consider Bobcar's litigating position to have been frivolous or its conduct so exceptional as to justify a fee award.

### B.   Attorney's Fees Under the Lanham Act

The Lanham Act contains a fee-shifting provision that is identical to that of the Patent Act, giving courts the discretion to award fees in "exceptional cases." 15 U.S.C. § 1117(a). The Second Circuit has held that the Supreme Court's *Octane Fitness* standard governs under the Lanham Act as well. *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 531 (2d Cir. 2018).

Again applying that standard, the Court concludes that fees are not warranted with respect to Bobcar's Lanham Act claims. The Court granted summary judgment on Bobcar's trade dress infringement claims and excluded certain opinions of its expert. However, Bobcar's claims were not frivolous or objectively unreasonable. Bobcar identified protectable trade dress and stated a plausible claim for infringement. While the Court ultimately concluded on summary judgment that Bobcar had failed to present a triable case that its trade dress had acquired secondary meaning, Bobcar's legal position and conduct were not so exceptional as to warrant fees under section 1117(a).

### C.   Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority

Finally, Aardvark requests attorney's fees under 28 U.S.C. § 1927 and the Court's inherent power to sanction parties and counsel. In addition to the points discussed above regarding the merits of Bobcar's claims, Aardvark raises a number of complaints about Bobcar's

conduct during the litigation, particularly in connection with discovery. There were various issues with discovery in this case, including several with Bobcar and some with Aardvark, resulting in multiple requests for court intervention. However, the Court does not find that there was bad faith on the part of Bobcar or its counsel. Nor was there conduct that was vexatious, harassing, or otherwise so egregious or unreasonable as to warrant sanctions. Accordingly, the Court declines to award sanctions against any party or counsel in this case.

**II.    Conclusion**

For the foregoing reasons, Aardvark's motion for attorney's fees and costs is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 165.

SO ORDERED.

Dated: March 30, 2021
        New York, New York

_____
J. PAUL OETKEN
United States District Judge